[Cite as *State v. Staples*, 2022-Ohio-1161.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200428 |
| | | TRIAL NOS. B-0902711 |
| Plaintiff-Appellee, | : | SP-200004 |
| vs. | : | |
| | | *O P I N I O N.* |
| SHAWN STAPLES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 6, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Shawn Staples*, pro se.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Shawn Staples appeals the trial court's judgment denying his motion, filed pursuant to R.C. 2950.15, to terminate his duty to comply with his Tier I sex-offender registration requirements. We affirm the trial court's judgment.

**Facts and Procedure**

{¶2} In 2009, Staples was indicted for importuning and attempted unlawful sexual conduct with a minor. He pled guilty to importuning on June 29, 2009, and the state dismissed the attempted-unlawful-sexual-conduct-with-a-minor count. On September 10, 2009, he was sentenced to two years of community control, classified as a Tier I sex offender under Ohio's version of the Adam Walsh Act, and notified of his duty to register annually for 15 years. He violated his community control and was sentenced to nine months' incarceration. According to the state, Staples registered in Ohio as a Tier I sex offender from September 3, 2009, to January 22, 2014, when he moved to Texas.

{¶3} On June 8, 2020, Staples filed a motion under R.C. 2950.15 to terminate his duty to comply with his registration requirements. He filed an amended motion July 22, 2020. Attached to his motion were the exhibits required to be considered for termination under R.C. 2950.15(D). He argued that between his registration in Ohio and the time he registered in Texas, he had registered for the ten years required to be considered for termination under R.C. 2950.15(C)(1).

{¶4} The state opposed Staples's motion, arguing that Staples had not met the ten-year registration requirement in R.C. 2950.15(C)(1) to be eligible for termination. The state argued that the time Staples had registered in Texas did not count toward the ten-year requirement. Further, the state argued that even if Staples

met the ten-year requirement, the court should not terminate his duty to register based on the record.

{¶5}   The trial court held hearings on September 2, 2020, and October 27, 2020, at which the court heard arguments but did not admit any additional evidence. At the September 2 hearing, the court discussed an incident that had occurred on August 27, 2020.   According to the court, Staples "was down at the Sheriff's Department causing problems."  Staples had been "disruptive" at the sheriff's office and then had come into the judge's courtroom and been "disruptive."  He was "loud, aggressive and generally disruptive."  He had been asked to leave by the judge's staff. The court said, "They said you were very threatening.  People felt very frightened of you.  You were running around screaming.  I don't put up with that."  The court held Staples in contempt and sentenced him to 30 days in the Hamilton County Justice Center.

{¶6}   At the October 27 hearing, the parties argued about whether Staples's registration in Texas counted as part of the ten-year registration requirement under R.C. 2950.15.  The court asked Staples whether he had committed any criminal offenses since the sex offense, and he stated that he had not.  The court also questioned Staples about his mental-health treatment.  On December 1, 2020, the trial court denied Staples's motion to terminate his duty to register.   Staples appealed.

{¶7}   Because it was not clear from the trial court's entry whether the court denied the motion on the basis that Staples was not an eligible offender because he had not registered for ten years or based on the evidence and exhibits presented, this court entered an order on September 24, 2021, remanding the cause for the trial court to clarify the basis on which it denied the motion. On October 27, 2021, the trial court docketed an entry on remand denying Staples's motion to terminate his duty to register finding it unclear whether Staples had met his ten-year registration

3

requirements, but determining that even if he had, he was not entitled to early termination. A supplemental transcript of the docket containing the court's entry was transmitted to this court.

**Assignment of Error**

{¶8} Staples's assignment of error alleges that the trial court erred in denying Staples's motion to terminate his duty to register. Staples first argues that he is eligible for termination of his duty to register because he has fulfilled the ten-year registration requirement in R.C. 2950.15(C)(1). The state argues that Staples is not an eligible offender under R.C. 2950.15 because his Texas registration time should not be included as part of the ten years and he did not present sufficient evidence that he registered in Texas.

{¶9} R.C. 2950.15 provides that an eligible offender may make a motion to the common pleas court requesting that the court terminate the offender's duty to comply with the registration requirements "upon expiration of ten years after the eligible offender's duty to comply * * * begins in relation to the offense for which the eligible offender is subject to those provisions." R.C. 2950.15(A), (B) and (C).

{¶10} Assuming for purposes of this appeal that Staples is an eligible offender under R.C. 2950.15, we turn to whether the trial court erred in denying his motion to terminate his duty to register based on the evidence presented.

{¶11} Pursuant to R.C. 2950.15(D), Staples had to include with his motion (1) a certified copy of the judgment entry and any other documentation of his sentence or disposition, (2) documentation of the date of discharge from supervision or release, (3) evidence that he completed a sex-offender treatment program certified by the department of rehabilitation and correction, (4) evidence that he had not been convicted of, or pleaded guilty to, any subsequent sex offense or other criminal offense except a minor misdemeanor, and (5) evidence that he paid any financial sanctions.

4

{¶12} In accordance with R.C. 2950.15(D), Staples attached (1) a judgment entry dated September 10, 2009, sentencing him to community control, (2) a September 3, 2009 explanation of his duties to register as a Tier I offender, (3) an entry correcting the void portion of his sentence and relieving him from postrelease control, (4) a certificate of completion of the Volunteers of America Cognitive Behavioral Intervention for Sexual Offending dated December 4, 2013, (5) the FBI Identity History Summary dated May 22, 2020, (6) entries for the case numbered B-0902711 (the importuning case), (7) a Lambda Pi Eta Honor Society certificate, (8) a letter from a clinical psychologist dated June 1, 2020, and (9) a letter from Complete Serenity Psychiatry dated June 2, 2020.

{¶13} In its memorandum in opposition to Staples's motion to terminate his registration duties, the state argued that Staples had not been able to successfully complete his two-year term of community control because he failed to comply with the sex-offender and mental-health components of his community control. The state attached to its memorandum (1) the original judgment entry, (2) the explanation of registration duties, (3) the October 15, 2012 community-control violation, (4) the December 6, 2012 judgment entry revoking community control and imposing sentence, and (5) the Offender Watch-Hamilton County Sheriff's Office printout dated September 1, 2020, and the Hamilton County Sheriff registration audit dated September 1, 2020. The state argued that based on the information submitted to the court it was not appropriate to terminate Staple's duty to register.

{¶14} Under R.C. 2950.15(H), the court may, without a hearing, deny an eligible offender's request to terminate his registration requirements. If it does not do so, it must hold a hearing where the offender has "the burden of going forward with the evidence and the burden of proof by a preponderance of the evidence." R.C. 2950.15(H)(3). If the court finds that the offender has satisfied the burden of proof,

5

"the court shall issue an order that terminates the eligible offender's duty" to register. *Id.* "If the court finds that the eligible offender has not satisfied the burden of proof, the court shall issue an order denying the motion." *Id.*

{¶15} Pursuant to R.C. 2950.15(G), in addition to the evidence submitted with the motion, the trial court may also consider "any other evidence the court considers relevant, including, but not limited to, evidence of the following while the eligible offender has been subject to the duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code:" whether (1) the offender's driver's license has been suspended; (2) the offender maintained financial responsibility for a motor vehicle; (3) the offender has paid child support or spousal support; (4) the offender has paid his taxes; (5) the offender has adequately addressed sex-offending or child-offending behaviors; (6) the offender has maintained a residence for a substantial period of time; (7) the offender has maintained employment; and (8) the offender has adequately addressed any drug or alcohol abuse. The court may also consider letters of reference and documentation of the offender's service to the community or specific individuals in need. R.C. 2950.15(G)(9) and (10).

{¶16} After considering the evidence and arguments, the trial court denied Staples's motion to terminate his duty to register. The court noted that Staples had violated his community control, and the record shows that the violation was based at least in part on his failure to comply with the mental-health and sex-offender treatment components of his community control. The court determined that Staples had not presented evidence that he had adequately addressed his sex-offending behaviors. The court noted that Staples had provided evidence that indicated he had started treatment with a new provider in Texas on June 2, 2020, just a few months before the September and October 2020 hearings in this case. The court was very concerned that Staples had not demonstrated much of a history of mental-health or

sex-offender treatment, especially in light of the fact that Staples's community-control violation had been based on his failure to comply with the court ordered mental-health and sex-offender treatment. The court also found that Staples had not presented sufficient evidence of a stable residence and employment. The court stated, "There is no evidence of consistent therapeutic intervention to address his prior sex offending, no evidence of stable residence or employment." The court also noted the "disruption" Staples had caused in the courtroom, which had resulted in Staples being held in contempt.

{¶17} After reviewing the record, we hold that the weight of the evidence supports the trial court's denial of Staples's motion to terminate his duty to register, and therefore, the trial court did not err in denying Staples's motion to terminate his duty to register. The assignment of error is overruled.

### Conclusion

{¶18} The judgment of the trial court denying Staples's motion to terminate his duty to register is affirmed.

Judgment affirmed.

ZAYAS and CROUSE, JJ., concur.

Please note:
    The court has recorded its own entry this date.